**\*E-FILED 10-25-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAIME MARCOS,<br><br>    Plaintiff,<br>  v.<br><br>EQUITY ONE LENDERS GROUP, aka EQUITY ONE SALES CORPORATION, aka EQUITY ONE LENDERS SERVICES, INC., aka DREAMMAKERS REAL ESTATE SERVICES INC., aka EQUITY LENDERS NETWORK INC., aka THE BARTON FINANCIAL GROUP; JEFF B. BARTON; CAMERON W. BARTON; HAMILTON FINANCE, aka HAMILTON REALTY; BEE LAY TAY, aka BEE HAMILTON; WELLS FARGO HOME MORTGAGE, INC., a division of WELLS FARGO BANK, N.A.; E\*TRADE MORTGAGE CORPORATION; BANK OF AMERICA, N.A. and DOES 1 through 50,<br><br>    Defendants. | No. C11-04000 HRL<br><br>**ORDER (1) GRANTING DEFENDANT E\*TRADE MORTGAGE CORPORATION'S MOTION TO DISMISS; AND (2) DENYING AS MOOT E\*TRADE MORTGAGE CORPORATION'S MOTION TO STRIKE**<br><br>[Re: Docket Nos. 12, 17] |

In July 2006, plaintiff Jaime Marcos purchased a home in San Jose, California for $970,000. The purchase resulted in two loans, both of which are secured by deeds of trust. According to the complaint, the second loan currently is held by defendant E\*Trade Mortgage Corporation (E\*Trade). Plaintiff admits he is in default on both loans.[1]

---

[1] Plaintiff says that the first loan currently is held by defendant Wells Fargo Bank, N.A. (Wells Fargo). His claims against Wells Fargo and Bank of America, N.A. are the subject of a separate motion to dismiss, which will be addressed in another order.

On July 13, 2011, Marcos filed the instant action in Santa Clara County Superior Court for alleged predatory lending practices in connection with his home mortgages. The third claim seeks "Rescission and Damages Under TILA [the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq.] and HOEPA [the Home Ownership and Equity Protection Act of 1994]." The remainder of plaintiff's claims are all based on state law. Bank of America and Wells Fargo removed the matter here, asserting federal question jurisdiction.

Pursuant to Fed. R. Civ. P. 12(b)(6), E*Trade now moves to dismiss all claims asserted against it. E*Trade also moves for an order striking certain portions of the complaint pursuant to Fed. R. Civ. P. 12(f). Plaintiff opposes the motions. E*Trade and plaintiff have expressly consented that all proceedings in this action may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. The matter is deemed appropriate for determination without oral argument, and the November 1, 2011 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, including the loan documents and other related records submitted by defendant for judicial notice, this court grants the motion as to the federal claim for relief, with leave to amend only as to some issues. The court declines to exercise jurisdiction over plaintiff's state law claims unless and until he pleads a viable federal claim for relief. E*Trade's motion to strike is denied as moot.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. See Balistreri, 901 F.2d at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Morever, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th

2

1 Cir. 1994). Documents which properly are the subject of judicial notice may be considered
2 along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a
3 claim for relief. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). See also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. Bell Atlantic Corp., 550 U.S. at 570. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." Id.

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

A.  TILA/HOEPA Claim

    1.  HOEPA

Plaintiff's third claim for relief, asserted against all defendants, is titled "Violation of the Truth in Lending Act (TILA) and (HOEPA)." (Complaint at 12). However, plaintiff does not identify any HOEPA sections defendant allegedly violated. Nor does he assert any facts stating how or why E*Trade bears any liability for whatever HOEPA violations plaintiff believes have occurred. If Marcos intends to state a claim under this statute, he must identify what sections of the statute have been violated and what acts of which defendants are the bases for the alleged violations. Plaintiff's HOEPA claim is dismissed with leave to amend.

3

2. TILA

Plaintiff seeks rescission and damages under TILA because the loan in question allegedly was "deceptive and/or lack[s] a meaningful disclosure of credit terms." (Complaint ¶ 29). The complaint alleges that the amount of the second loan was $145,500.00. (Id. ¶ 24). According to the allegations, the disclosure documents contained an inaccurate "amount financed" because (1) the TILA documents disclose an "amount financed" of $143,714.21, which does not include $1,785.79 in prepaid finance charges; and (2) the Final HUD 1 Settlement Statement identified the principal loan amount as $145,500.00, but allegedly did not disclose a sum certain for the prepaid finance charges. (Complaint ¶ 30). There are no allegations disputing the identified principal loan amount or the amount of the prepaid finance charges. Liberally construed, plaintiff might be claiming that these sums were not disclosed in precisely the manner prescribed by TILA. See, e.g., 15 U.S.C. § 1638; 12 C.F.R. § 226.18. But, this is not clear. On amendment, plaintiff shall clarify what sections of TILA he claims have been violated and what acts of which defendants are the bases for the alleged violations.

For the reasons to be explained, plaintiff's TILA claim, as currently pled, does not survive dismissal in any event.

a. Rescission

E*Trade argues that plaintiff's claim for rescission under TILA must be dismissed because he has failed to allege tender of amounts required to cure his default. In the context of claims arising under TILA, the Ninth Circuit has held that a district court may alter the statutory rescission procedures and has "discretion to condition rescission on tender by the borrower of the property he had received from the lender." Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (internal quotation marks and citation omitted). District courts within the Ninth Circuit have adopted different understandings of Yamamoto; one line of cases reads it to require a plaintiff to plead the present ability to tender the loan proceeds in order to survive a motion to dismiss, while another line holds that it does not. See Kakogui v. Amer. Brokers Conduit, No. C09-4841 JF (HRL), 2010 WL 1265201, at *4 (N.D. Cal. Mar. 30, 2010) (collecting cases). This court agrees with those cases holding that, in the context of a TILA

4

1 claim, a plaintiff need not demonstrate the present ability to tender to survive a motion to
2 dismiss. See, e.g., Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 880 (N.D.
3 Cal. 2010); Botelho v. U.S. Bank, N.A., 692 F. Supp.2d 1174 (N.D. Cal. 2010).

4 Nevertheless, plaintiff has no right of rescission under TILA. The right of rescission
5 under TILA does not apply to a "residential mortgage transaction"—i.e., a loan transaction to
6 finance the acquisition of the borrower's residence. 15 U.S.C. § 1635(e)(1) and § 1602(w);
7 Rivera, 756 F. Supp.2d at 1198-99. The allegations of the complaint state that the loans at issue
8 were used to purchase plaintiff's home. (Complaint ¶ 21). Accordingly, the right of rescission
9 does not apply.

10 Even if the rescission right did apply, that right expires three years after the date of
11 consummation of the transaction or upon the sale of the property, whichever occurs first. 15
12 U.S.C. § 1635(f). "[Section] 1635(f) completely extinguishes the right of rescission at the end
13 of the 3-year period." Beach v. Ocwen Federal Bank, 523 U.S. 410, 412, 118 S. Ct. 1408, 140
14 L.Ed.2d 566 (1998). Moreover, section 1635(f) is an "absolute limitation on rescission
15 actions." King v. California, 784 F.2d 910, 913 (9th Cir.1986). Indeed, the Ninth Circuit
16 construes section 1635(f) as a "statute of repose, depriving the courts of subject matter
17 jurisdiction when a § 1635 claim is brought outside the three-year limitation period." Miguel v.
18 Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002). Here, the record indicates that
19 the mortgage transaction in question closed in July 2006. (Defendants' RJN, Ex. A). The
20 instant lawsuit was not filed until nearly five years later. See Rivera, 756 F. Supp.2d at 1198
21 (stating that "'if the borrower files his or her suit over three years *from the date of a loan's*
22 *consummation*, a court is powerless to grant rescission.'") (quoting Miguel, 309 F.3d at 1165)).

23 Accordingly, plaintiff's claim for rescission under TILA must be dismissed without
24 leave to amend.

25         b. <u>Damages</u>

26 Plaintiff alleges that E*Trade is not a proper assignee of the loan in question. (Id. ¶ 50).
27 However, to the extent E*Trade is found to be a proper assignee, plaintiff alleges that it bears
28 assignee liability for any claimed damages because the alleged TILA violations are apparent on

5

the face the disclosure. (Id.). TILA provides that, for voluntary assignments, a creditor's assignee may be held liable for a creditor's TILA violations, but "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a). Nevertheless, as discussed above, further facts are necessary as to how TILA allegedly has been violated. The remaining allegations of the TILA claim are conclusory.

Even assuming Marcos could plead facts supporting E*Trade's liability, his damages claim is time-barred. Claims for damages under TILA are barred by a one-year statute of limitations, which begins to run "from the date of consummation of the transaction." See King, 784 F.2d at 915; see also 15 U.S.C. § 1640(e). In the instant case, plaintiff's TILA claims arose, at the latest, at the closing of his mortgage transaction in July 2006. (Deft's RJN, Ex. 3). He did not file the instant lawsuit until July 2011, several years after the limitations period expired.

"[E]quitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915. A motion to dismiss on statute of limitations grounds should be granted only when the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the limitations period was tolled. See Plascencia v. Lending 1st Mortgage, 583 F. Supp.2d 1090, 1097 (N.D. Cal. 2008) (citing Durning v. First Boston Corp., 815 F.2d 1265, 1268 (9th Cir. 1987)). The doctrine of equitable tolling applies in situations where, despite all due diligence, the party invoking the doctrine is unable to obtain vital information bearing on the existence of the claim, or where he has been induced or tricked by his adversary's misconduct into allowing the deadline to pass. Hensley v. United States, 531 F.3d 1052, 1057-58 (9th Cir. 2008). "The doctrine is not available to avoid the consequences of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." Id. at 1058 (citations omitted). Moreover, ignorance of the law, standing alone, is insufficient to plausibly state a basis for tolling. Valdez v. America's Wholesale Lender, No. C09-02778JF, 2009 WL 5114305 *6 (N.D. Cal., Dec. 18, 2009) (Fogel, J.).

6

1   Marcos' complaint does not present any plausible facts explaining why, in the exercise
2   of reasonable diligence, he was unable to discover the alleged improprieties within the
3   limitations period. Relying on Ralston v. Mortgage Investors Group, Inc., No. C08-536JF
4   (PVT), 2009 WL 688858 (N.D. Cal., Mar. 16, 2009), Marcos argues that alleged discrepancies
5   in his disclosure documents were so confusing and contradictory that he could not have
6   discovered them sooner than he did. Ralston, however, is readily distinguishable. There, the
7   loan documents in question allegedly failed to disclose, among other things, (1) the actual
8   interest rate, (2) that the initial "teaser" interest rate would increase after only 30 days; and (3)
9   that negative amortization was certain to occur. In sum, the loan documents and disclosures
10  were so confusing and contradictory that they obscured the true nature of the loan. Id.

11  There are no such allegations here. Instead, Marcos simply says that, having reviewed
12  the loan and disclosure documents, he noticed alleged discrepancies which, he claims, are
13  apparent on the face of the documents. As discussed above, the exact nature of the alleged
14  TILA violations are unclear. More to the point, there are no allegations suggesting that Marcos
15  was prevented from comparing the loan and disclosure documents sooner. See Hubbard v.
16  Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (declining to apply equitable tolling where
17  "nothing prevented [plaintiff] from comparing the loan contract, [defendant's] initial
18  disclosures, and TILA's statutory and regulatory requirements."); Lyons v. Homecomings
19  Financial LLC, 770 F. Supp.2d 1163, 1166-67 (W.D. Wa. 2011) (finding that equitable tolling
20  did not apply where plaintiff admits he received and saw the requisite loan and disclosure
21  documents and offered no reason why he did not compare those documents before the statute of
22  limitations ran).

23  Accordingly, Marcos' claim for TILA damages will be dismissed. On the record
24  presented, it is doubtful whether he can plausibly and truthfully allege a basis for equitable
25  tolling. However, if plaintiff believes that he has a viable TILA damages claim against
26  E*Trade, and because the applicability of equitable tolling generally depends on matters outside
27  the pleadings, Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006), he may
28

7

amend this claim if, in compliance with Fed. R. Civ. P. 11, he can truthfully allege facts that would support a TILA damages claim, as well as equitable tolling of the limitations period.

B. <u>Plaintiff's State Law Claims</u>

In view of the dismissal of plaintiff's TILA/HOEPA claim, the only asserted basis for federal subject matter jurisdiction, the court declines to rule on defendant's motion to dismiss plaintiff's state law claims. <u>See</u> 28 U.S.C. § 1367. And, this court will not exercise supplemental jurisdiction over the state law claims unless and until plaintiff adequately states a viable federal claim for relief. Because plaintiff is being given leave to amend his federal claim, his state law claims are also dismissed, without prejudice to plaintiff to include them in an amended complaint.

C. <u>E*Trade's Motion to Strike</u>

Because the complaint is being dismissed, E*Trade's separate motion to strike is denied as moot.

ORDER

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's HOEPA claim is dismissed with leave to amend.

2. Plaintiff's claim for rescission under TILA, is dismissed without leave to amend.

3. Plaintiff's claim for damages under TILA is dismissed with leave to amend.

4. Plaintiffs' state law claims are dismissed without prejudice to include them in an amended complaint.

5. Plaintiff's amended complaint shall be filed within fourteen days from the date of this order.

6. E*Trade's motion to strike is denied as moot.

SO ORDERED.

Dated: October 25, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

8

5:11-cv-04000-HRL Notice has been electronically mailed to:

Andrea McDonald Hicks     hicksa@bryancave.com, dominic.sims@bryancave.com, grace.wayte@bryancave.com

Frederick Alan Haist     fhaist@pldlawyers.com, nmorales@pldlawyers.com, spalmer@pldlawyers.com

Robert E. Boone , III     reboone@bryancave.com, jmsmith@bryancave.com

Roger Dean Wintle     rdw@hlgusa.com, mlr@hlgusa.com, mnw@hlgusa.com

Roland Paul Reynolds     rreynolds@pldlawyers.com, nmorales@pldlawyers.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.