**\*E-FILED 12-14-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAIME MARCOS, | No. C11-04000 HRL |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND** |
| v. | |
| EQUITY ONE LENDERS GROUP, aka EQUITY ONE SALES CORPORATION, aka EQUITY ONE LENDERS SERVICES, INC., aka DREAMMAKERS REAL ESTATE SERVICES INC., aka EQUITY LENDERS NETWORK INC., aka THE BARTON FINANCIAL GROUP; JEFF B. BARTON; CAMERON W. BARTON; HAMILTON FINANCE, aka HAMILTON REALTY; BEE LAY TAY, aka BEE HAMILTON; WELLS FARGO HOME MORTGAGE, INC., a division of WELLS FARGO BANK, N.A.; E\*TRADE MORTGAGE CORPORATION; BANK OF AMERICA, N.A. and DOES 1 through 50, | [Re: Docket No. 34] |
| Defendants. | |

On July 13, 2011, Marcos filed the instant action in Santa Clara County Superior Court for alleged predatory lending practices in connection with his home mortgages. His complaint included a claim for "Rescission and Damages Under TILA [the Truth in Lending Act, 15 U.S.C. § 1601, et seq.] and HOEPA [the Home Ownership and Equity Protection Act of 1994]." The remaining claims were all based on state law. On August 15, 2011, Bank of America and Wells Fargo removed the matter here, asserting federal question jurisdiction.

1   Shortly after removal, Bank of America, Wells Fargo, and E*Trade Mortgage
2   Corporation (E*Trade) moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).
3   Those motions were granted as to plaintiff's federal claim for relief.[1] In sum, plaintiff failed to
4   allege facts supporting any violation of HOEPA. His claim for rescission under TILA was
5   barred by the three-year absolute statute of limitations. And, his claims for damages under
6   TILA was also untimely. Although the court expressed some doubt whether the defects could
7   be remedied by amendment, plaintiff was given leave to amend his HOEPA and TILA damages
8   claim if, consistent with Fed. R. Civ. P. 11, he could truthfully allege facts supporting a claim
9   for relief. Because the claim providing the sole basis for federal jurisdiction had been
10  dismissed, the court expressly stated that it would not exercise jurisdiction over Marcos' state
11  law claims unless and until he adequately pled a viable federal claim for relief.

12  Plaintiff filed a First Amended Complaint in which he drops all federal claims for relief.[2]
13  He now moves to remand this matter to the state court. Wells Fargo and Bank of America do
14  not oppose the motion, but E*Trade does. All parties who have appeared before this court have
15  expressly consented that all proceedings in this action may be heard and finally adjudicated by
16  the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. The matter is deemed suitable for
17  determination without oral argument, and the December 20, 2011 hearing is vacated. Civ. L.R.
18  7-1(b). Upon consideration of the moving and responding papers, the court grants the motion.

19  The propriety of removal jurisdiction is determined "on the basis of the pleadings filed
20  at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v.
21  Nat'l Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). Although a
22  plaintiff cannot compel remand by subsequently amending a complaint to eliminate the federal
23  question upon which removal was based, see id., when all federal claims have been dismissed, it

---

[1] At the time of removal, this court was told that defendants Equity Lenders Group, Jeff B. Barton, and Cameron W. Barton had been served and consented to the removal. None of these defendants has appeared before this court or taken any part in the proceedings here.

[2] Although the amended complaint continues to allege federal question jurisdiction based on plaintiff's "TILA and related claims" and "supplemental jurisdiction" over plaintiff's state law claims, this apparently is an oversight. None of the asserted claims arise under federal law.

2

is within the court's discretion whether or not to exercise supplemental jurisdiction over the remaining claims. See Carlsbad Tech., Inc. v. HIF BIO, Inc., 556 U.S. 635, 129 S. Ct. 1862, 1866, 173 L.Ed.2d 843 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); see also Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court."). "[I]in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L.Ed.2d 720 (1988), superceded on other grounds by statute as recognized in Fent v. Oklahoma Water Res. Bd., 235 F.3d 553, 557 (10th Cir. 2000); see also Harrell, 934 F.2d at 205 (observing that "it is generally preferable for a district court to remand remaining pendent claims to state court.").

     Here, the court finds remand appropriate. This case is in its early stages. Few federal resources have been expended in determining the sufficiency of the pleadings as to the sole federal claim. The court finds no compelling reason to retain jurisdiction over the remaining state law claims, when the state courts are equally competent and more familiar with the governing law. Nor does this court find that litigating here is any more convenient to the parties than litigating in the state court. E*Trade argues that, by dropping his federal claims now, plaintiff is manipulating the system and is merely seeking to introduce further delay in the foreclosure proceedings. The record, however, simply shows that following motions practice, the court dismissed the sole federal claim and gave plaintiff an opportunity to remedy the identified defects. Plaintiff says that he has determined that he cannot. Under the circumstances presented, the court finds no basis to conclude that plaintiff has acted in bad faith.

     Based on the foregoing, plaintiff's motion to remand this action to the Santa Clara County Superior Court is granted. E*Trade's pending motions to dismiss and to strike are taken

1 off calendar, and all scheduled deadlines and appearances before this court are vacated.  The
2 Clerk shall close the file.
3     SO ORDERED.
4 Dated: December 14, 2011

5 _____
HOWARD R. LLOYD
6 UNITED STATES MAGISTRATE JUDGE

1 | 5:11-cv-04000-HRL Notice has been electronically mailed to:

2 | Andrea McDonald Hicks     hicksa@bryancave.com, dominic.sims@bryancave.com, grace.wayte@bryancave.com

3 | Frederick Alan Haist     fhaist@pldlawyers.com, nmorales@pldlawyers.com, spalmer@pldlawyers.com

5 | Robert E. Boone , III     reboone@bryancave.com, jmsmith@bryancave.com

6 | Roger Dean Wintle     rdw@hlgusa.com, mlr@hlgusa.com, mnw@hlgusa.com

7 | Roland Paul Reynolds     rreynolds@pldlawyers.com, nmorales@pldlawyers.com

8 | Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.